**VALENCIC, Estate of, Plaintiff Appellant v. VALENCIC, Defendant Appellee**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19489. Decided Dec. 13, 1943

Frank V. Opaskar, Cleveland, for plaintiff-appellant.
Alfred L. Steuer, Cleveland, for defendant-appellee.

## OPINION

By MORGAN P. J.

Marija Valencic died leaving a will giving to each of her two sons, Anthony and Joe, a one-half interest in her estate which was appraised at $4,000.00.

Anthony entered into negotiations with his brother, Joe, by which Anthony would purchase the property in the estate at an agreed price. The brothers failed to come to an agreement.

More than four months after the appointment of the executor, Anthony filed his petition in the probate court under §10509-134 G. C., asking leave to present to the executor certain claims as creditor of the estate based on the payment by Anthony of the funeral bills of the decedent and other expenses in her lifetime.

The probate court granted the prayer of the petition and authorized the claimant to present his claim to the executor for the reason, as stated in the journal entry, that "the failure of the petitioner to present his claim within the time prescribed by law was due to the fact that by reason of the conduct of the executor he was lulled into the belief that his claim would be allowed."

Anthony's petition asking leave to present his claim as creditor of his mother's estate, after the expiration of the four months period is based on that part of §10509-134 G. C., which provides that the probate court may authorize the pre-

sentation of such a claim if "the claimant's failure to present his claim is due * * * * * to any wrongful act or statement on the part of the executor or administrator, or his attorney."

We do not find in the record any evidence that the executor who is also an attorney was guilty of any wrongful act. However, we do find that during the negotiations looking to the purchase by Anthony of the property in the estate, in a conversation between the executor and Anthony's attorney, before the expiration of the four months period, the existence of the claim was mentioned.

At the hearing in the probate court, the executor, Mr. Opaskar, testified that:

"Mr. Murray (Anthony's attorney) called and raised the question of the funeral bill. I told him that we could not allow it at this time, because I had ascertained that part of it had been paid by the Lodge and, of course, part of it had been paid by him.

Mr. Knowlton: By 'him' you mean, Anthony?

Mr. Opaskar: Yes, Anthony Valencic."

While the evidence is somewhat meager, it is our opinion that there is sufficient evidence in the record to sustain the finding that the failure of the claimant to present his claim within the four months period was due to pending negotiations for the purchase by Anthony of the assets of the estate and to statements by the executor such as the one above related, thus bringing the matter within the terms of §10509-134 G. C.

It seems doubtful to the writer of this opinion that the entry authorizing the filing of the claim was a final order. The order permitting the presentation of the claim in this case did not carry with it the allowance of the claim. After its presentation, the executor might disallow the claim and his action be sustained by the court; in which event the order granting leave to present the claim would meet none of the requirements of a final order. This, however, is only the opinion of the writer.

The court is unanimous in holding that if the judgment appealed from is a final order it should be affirmed.

SKEEL J., and LIEGHLEY, J., concur.